Bierwirth, Adm'r of Bierwirth, v. Gibony.

---

MARTIN A. BIERWIRTH, ADMINISTRATOR OF WILLIAM BIERWIRTH, DECEASED, Defendant in Error, v. ANDREW GIBONY, Plaintiff in Error.

1. Judgment affirmed.

*Error to Cape Girardeau Court of Common Pleas.*

ADAMS, Judge, delivered the opinion of the court.

This action was founded on the following instrument of writing, entered into between the plaintiff's testator and the defendant: "Know all whom it may concern, that I, A. Gibony, have leased to William Bierwirth a part of ground situated north of the bridge, east of German street, adjoining his brick house, for a period of ten years, at the rate of fifteen dollars a year, payable in advance. The conditions of this contract are as follows: The said William Bierwirth is allowed to put up such buildings as may suit him, and at the expiration of ten years the said A. Gibony is to allow him what two disinterested men will agree the buildings are worth. If the condition is not complied with, the contract shall be null and void. William Bierwirth is to pay the taxes on the buildings he erected on the above leased ground.

"In witness whereof we have put our hands and seals this day, January 22, 1857.            A. GIBONY,          [SEAL]
                                    WILLIAM BIERWIRTH [SEAL]."

The petition alleges that the plaintiff's intestate entered into the premises and occupied them under the lease, paid the rent, etc., and erected buildings under the conditions in the lease, and that the premises, with the buildings thereon, had been delivered up to defendant and his assigns at the expiration of the lease; that the value of the buildings had been assessed and determined by Joseph Lausman and Casimer Strauss, two disinterested men, to be worth $325, and the plaintiff claimed damages to this amount.

The answer denied the material allegations of the petition, but did not deny that the buildings had been valued by the men named at $325, but denied that the men were disinterested or selected by the defendant.

Upon the trial the plaintiff gave evidence conducing to prove the allegations of the petition, and evidence was given on both sides in regard to the value of the buildings erected on the leased premises. The court gave instructions on both sides in regard to the proper measure of damages, which seem to be somewhat conflicting, but under the view we take they need not be recited.

The contract sued on is very inartificially drawn, but was intended by the parties to be valid in all of its bearings. The condition on which it was to become void was the non-payment of the taxes on the buildings to be erected. The party would have no right to recover for the value of the buildings if he had left them encumbered by taxes, but there was no proof in the case that there were any unpaid taxes.

The measure of damages for the buildings was fixed by the contract, and they were to be what two disinterested men might determine them to be worth.

The proof corresponds with the allegation that the two men who assessed the buildings were disinterested, and that they valued them at $325. The verdict was for that amount, and is for the right party.

Let the judgment be affirmed. The other judges concur.